## U.S. DISTRICT COURT*WESTERN DISTRICT OF LOUISIANA*SHREVEPORT DIVISION

| | |
|---|---|
| **BLONDZETTA HAY NEAL** | **CIVIL ACTION NO. _____** |
| **VS** | **JUDGE: _____** |
| **SMITH AND NEPHEW, INC.** | **MAGISTRATE: _____** |

### AMENDED COMPLAINT

COMES NOW the Claimant Blondzetta Hay Neal, ("Blondzetta") by and through her attorney, and makes this his Complaint to recover damages against the Defendants, and in support thereof would show unto the Court the following:

1. The Claimant, Blondzetta Hay, is an adult resident citizen of the State of Louisiana and was residing in Claiborne Parish when the losses alleged herein occurred.

2. The Defendant, Smith and Nephew, Inc., ("Smith and Nephew"), is a corporation duly organized and existing under the laws of the State of Delaware, and does business within the State of Louisiana, and whose registered agent for service of process is THE CORPORATION TRUST COMPANY.

3. At all times herein material, Defendant Smith and Nephew was engaged in the design, manufacture, sale and distribution of hip replacements, those products being ultimately sold in the State of Louisiana, among other states.

### FACTS

4. Defendant Smith and Nephew designed, manufactured, sold and placed into the stream of commerce a R3 Acetabular Model Hip Replacement System ("Hip Replacement Device"). This Hip Replacement Device was used by Dr. Ballard on Claimant in September 2018.

5. In September 2018, Plaintiff received the R3 Acetabular Model Hip Replacement System when she had hip replacement surgery in Ruston, Louisiana performed by Dr. Ballard of Green Clinic.

6. Within one month of the surgery, the Claimant notified Dr. Ballard that she was having serious pain in the area of the surgery and that she was hearing a squeaking noise. Dr. Ballard assured the claimant that there was nothing related to the surgery that had gone wrong. Dr. Ballard recommended and the claimant received a steroid shot to ease the pain.

7. Plaintiff continued to go to Dr. Ballard and complain about the pain in the area of the surgery several times over the course of the next two years. The claimant shared with Dr. Ballard that she was experiencing burning and sensitivity in her leg and hip. Each time, Dr. Ballard assured her nothing was wrong, and he gave her steroid shots. The steroid shots were given over 10 to 12 times. In 2019, plaintiff had a MRI, which was reviewed by Dr. Ballard. Dr. Ballard again assured the claimant that nothing was wrong, and he began prescribing her opioids to calm the pain. This pain medication arrangement between Dr. Ballard and the Plaintiff went on for several years.

8. On April 8, 2022, plaintiff went to see Dr. Thompson in Bernice to discuss the pain she was still having in the area of her surgery. After a thorough inspection, Dr. Thompson informed claimant that she had metal shavings everywhere and metal had shattered in her leg. Dr. Thompson informed her that her leg was infected, and this had been going on for a long time. Dr. Thompson referred claimant to another doctor for corrective surgery.

9. In July 2022, claimant had corrective hip replacement surgery with Dr. Ricardo at LSU Hospital in Shreveport, La. Dr. Ricardo put in another socket. Dr. Ricardo informed the claimant that her hip replacement was rubbing metal against metal and the metal shavings had infected her body. The

corrective hip replacement surgery went on for about 7 hours.

10. The injuries suffered by Claimant as a result of the hip replacement are of a permanent nature and have caused her severe injuries resulting in pain and suffering, medical expenses, lost wages and a lost earning capacity, all of which will continue in the future for the rest of her life.

11. The acts and/or omissions of the Defendant was the proximate cause of the aforesaid incident complained of and the resulting injuries to Claimant, and the acts and/or omissions of Defendant constitute the actions that make Defendant liable to Claimant under the Louisiana Products Liability Act.

### **LIABILITY UNDER LOUISIANA PRODUCTS LIABILITY ACT**

12. The LOUISIANA PRODUCSTS LIABILITY ACT (LPLA) provides that: the manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.

13. The LPLA definition of manufacturer is a person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product. In this case, Smith and Nephew, Inc was the manufacturer of the R3 Acetabular System that was used on Mrs. Blondzetta Hay Neal.

14. Claimant's damages were proximately caused by a characteristic of the R3 Acetabular System, more specifically the failed product loosened and caused pain, infections, metal sensitivity, and some dislocation in plaintiff's hip.

15. The R3 Acetabular System was unreasonably dangerous in construction or composition. At the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.

16. The R3 Acetabular System was unreasonably dangerous in design. At the time the product left its manufacturer's control, there existed an alternative design for the product that was capable of preventing the claimant's damage; and the likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

17. The R3 Acetabular System was unreasonably dangerous because an adequate warning about the product was not provided. At the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

18. Additionally, Smith and Nephew, Inc. failed to warn Dr. Ballard of inherent dangers not withing the knowledge of or obvious to the average physician in his position and this failure to warn was both the cause in fact and the proximate cause of the claimant's injury.

19. The R3 Acetabular System was unreasonably dangerous because it did not conform to an express warranty of the manufacturer about the product as provided. This unreasonably dangerous characteristic of the product existed at the time the product left the control of the manufacturer and./or resulted from a reasonably anticipated alteration of modification of the product.

## DISCOVERY RULE AND CONTRA NON VALENTEM APPLIES

Prescription begins to run on the date the injured party discovers or should have discovered the facts upon which the cause of action is based. It doesn't run against one who is ignorant of the facts upon which his claim is based so long as such ignorance is not willful, negligent or unreasonable. *Contra non valentem*, applied only in exceptional circumstances, suspends the running of prescription. As stated above, Plaintiff was in constant communication with Dr. Ballard beginning in September 2018 regarding her pain and discomfort and Dr. Ballard continued to assure plaintiff there was nothing wrong. Plaintiff discovered the defect or problem on or around April 8, 2022 when she visited Dr. Thompson in Bernice, Louisiana. Louisiana case law supports the doctrine of *Contra non valentem* along with the discovery rule, especially in medical related cases when a patient has consistent communication with a doctor and that doctor tells the patient they have no existing issues that could bring a bout a claim for damages. This is such a case and *Contra non valentem* and the discovery rule should apply.

## PRAYER

WHEREFORE, Claimant demands judgment against Defendants for actual damages in an amount to be determined at the trial of this cause. Claimant also demands that the discovery rule and contra non valentem be deemed sufficient and applicable in this matter and that judgment be in favor of claimant and against Smith and Nephew, Inc..

PLAINTIFF REQUESTS TRIAL BY JURY.

Respectfully submitted,

Rashid A Young (LBR#40244)
515 S Main St Homer, LA 71040
(318) 202 - 9275
Attorney for Blondzetta Hay Neal
ryoung@rayounglawfirm.com