UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **BLONDZETTA HAY NEAL** | **CIVIL ACTION NO. 23-557** |
| **VERSUS** | **JUDGE EDWARDS** |
| **SMITH & NEPHEW INC** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by Smith & Nephew, Inc. ("Defendant").[1] Blondzetta Hay Neal ("Neal" or "Plaintiff") opposes Defendant's Motion.[2] Defendant replied.[3]

After carefully reviewing the applicable law and the parties' memoranda, Defendant's Motion for Summary Judgment (R. Doc. 42) is **GRANTED**.

## BACKGROUND

This case concerns an alleged unreasonably dangerous product manufactured and sold by Defendant.[4] Defendant's product is an R3 acetabular system that is used in hip replacement surgeries.[5] In September 2018, Neal underwent a hip replacement surgery performed by Dr. Ballard at the Green Clinic. During her surgery, Dr. Ballard implanted Defendant's hip replacement device (the "Device").[6] Within a year of her surgery, Plaintiff began experiencing pain in her hip.[7] Despite several attempts

---

[1] R. Doc. 42.
[2] R. Doc. 50.
[3] R. Doc. 51.
[4] *See generally* R. Doc. 10.
[5] *See* R. Doc. 50-1 at 2; *see* R. Doc. 10 at 2; *but see* R. Doc. 28 at ¶ 4.
[6] *See* R. Doc. 50-1 at 2.
[7] R. Doc. 50-1 at 2.

to alleviate Neal's pain and because the pain continued, doctors recommended and performed a reversion surgery in July 2022.[8] Plaintiff alleges that doctors informed her that "the metal-on-metal design of the product" in her hip caused metal shavings to be released, leading to severe injuries, "hip and leg pain, tissue and bone damage, reduced mobility, and pseudotumors in [her hip] area."[9]

On April 11, 2023, Neal filed her initial complaint in the 2nd Judicial District Court for the Parish of Claiborne, State of Louisiana.[10] Defendant removed the case to this Court on April 28, 2023.[11] After removal, Plaintiff filed an Amended Complaint in which she contends that Defendant's Device is unreasonably dangerous, thus, violating the Louisiana Products Liability Act ("LPLA").[12] Defendant moved to dismiss Plaintiff's claims under Rule 12(b)(6).[13] This Court dismissed Plaintiff's claims for inadequate warning and breach of express warranty, leaving her construction or composition defect and design defect claims.[14] Now, Defendant has filed the instant Motion for Summary Judgment on Plaintiff's remaining claims and avers that the record before the Court is devoid of the evidence required to support Plaintiff's claims under the LPLA.[15]

---

[8] *See* R. Doc. 50-1 at 2; *see also* R. Doc. 10 at ¶¶ 4–9.
[9] *See* R. Doc. 10 at ¶¶ 10–14.
[10] *See* R. Doc. 1-1 at 2.
[11] *See* R. Doc. 1 at 1.
[12] *See* R. Doc. 10 at ¶¶ 13, 14, 18, & 21.
[13] R. Doc. 17.
[14] *See* R. Doc. 25.
[15] *See* R. Doc. 42-1 at 1.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[17] "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the non-moving party."[18]

If the defendant moves for summary judgment alleging no evidence to support an essential element of the plaintiff's claim, the defendant need not produce evidence showing the absence of a genuine issue of fact on that essential element. Rather, the defendant need only show that the plaintiff, who bears the burden of proof, has adduced no evidence to support an essential element of her case.[19] "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim."[20] The non-movant, who bears the burden at trial, must show the Court that sufficient summary judgment evidence exists as to each claim.[21] The non-movant "may not rest on mere allegations or denials … as a means of establishing a genuine

---

[16] Fed. R. Civ. P 56(a).
[17] *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir.2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case."
[18] *Id.* (internal quotations omitted).
[19] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Teply v. Mobil Oil Corp.*, 859 F.2d 375, 379 (5th Cir.1988).
[20] *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir.2002).
[21] *Shepard v. Johnson & Johnson*, No. CV 5:17-1604, 2019 WL 5585001, *2 (W.D. La. Oct. 29, 2019) (internal citations omitted).

issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law."[22] If the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate.[23]

## LAW AND ANALYSIS

The Louisiana Products Liability Act, "establish[ing] the exclusive theories of liability for manufacturers for damage caused by their products[,]"[24] provides that "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product...."[25] Plaintiffs are limited to proving that a product is unreasonably dangerous in one of four ways: (1) construction or composition, (2) design, (3) inadequate warning, or (4) nonconformity with an express warranty.[26]

This Court has previously dismissed Plaintiff's claims for inadequate warning and breach of express warranty.[27] Thus, Plaintiff's only remaining claims depend on whether Defendant's Device was unreasonably dangerous due to a construction or composition defect or a design defect.[28]

---

[22] *Broussard v. Procter & Gamble Co.,* 463 F. Supp. 2d 596, 603 (W.D. La. 2006).
[23] *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002); s*ee also Templet v. HydroChem Inc.*, 367 F.3d 473, 480 (5th Cir.2004) ("… Fed. R. Civ. P. 56 mandates that summary judgment shall be entered against a non-movant who fails to set forth specific facts showing that there is a genuine issue for trial.").
[24] *See* La. R.S. § 9:2800.52.
[25] La. R.S. § 9:2800.54.
[26] La. R.S. § 9:2800.54(B); *see Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997).
[27] *See* R. Doc. 25.
[28] *See* R. Doc. 25; *see* La. R.S. § 9:2800.54(B).

### I.  Plaintiff's Construction or Composition Defect Claim

"A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer."[29] To sustain this type of claim, the claimant must show "not only what the manufacturer's specifications or performance standards are for a particular product, but how the product in question materially deviated from those standards so as to render it 'unreasonably dangerous.'"[30]

Defendant moves for summary judgment arguing that Plaintiff has presented "no expert evidence in support of her construction [or] composition defect claim."[31] In response, the Plaintiff asserts that she needs additional time to retain an expert.[32] Plaintiff also asserts that her orthopedic surgeon has knowledge of the product, the way the product was to be used, its failure, and the injury caused by the product's failure. Plaintiff cites to her medical records in support of this assertion, which provide detail regarding the "catastrophic failure of prior total hip arthroplasty."[33] Defendant points out that the expert report deadline has passed and that the "mere production of medical records does not satisfy Plaintiff's burden to present expert evidence to support her claims."[34] Moreover, Defendant points out that Plaintiff's

---

[29] La. R.S. § 9:2800.55.
[30] *Morris v. United Servs. Auto. Ass'n,* 756 So.2d 549, 558 (La. App. 2 Cir. 2/18/00).
[31] R. Doc. 42-1 at 6.
[32] R. Doc. 50-1 at 3-4.
[33] R. Doc. 50-1 at 6.
[34] R. Doc. 51.

surgeons have expressed no opinion regarding the Device in Plaintiff's medical records.[35]

The medical records cited by Plaintiff do not reveal specifications or performance standards for the Device, or how it materially deviated from those standards. Plaintiff has provided no declaration or affidavit from her physicians expressing any opinions regarding the Device. Further, the record contains no information regarding how the Device deviated in a material way from identical products manufactured by the same manufacturer. Plaintiff's expert deadline has passed, and although Plaintiff's opposition indicates that she could obtain an expert with additional time, Plaintiff did not move for an extension. Further, the record reflects that Defendant obtained an order compelling Plaintiff to respond to Defendant's discovery requests,[36] which shows that Plaintiff was on notice of the need to produce evidence to support her claim before the instant motion was filed.

The only facts relating to a construction or composition defect are found within Plaintiff's Amended Complaint, wherein Plaintiff alleges that the Device was intended "to be used with multiple materials, however it has been found that when the metal liners are used with metal products to replace the head of the femur, the metal-on-metal combinations results in an unusually high number of revision surgeries and cause complications such as those experienced by [Plaintiff]."[37] But Plaintiff is required to "go beyond the pleadings and designate specific facts showing

---

[35] R. Doc. 51 at 2.
[36] R. Doc. 41.
[37] *See* R. Doc. 10 at 5.

that there is a genuine" issue of material fact regarding a construction or composition defect.[38] Plaintiff has failed to meet this burden thus summary judgment is appropriate as to Plaintiff's construction or composition claim.

## II.   Plaintiff's Defective Design Claim

Louisiana Revised Statute § 9:2800.56 governs whether a product is unreasonably dangerous in design and provides:

> A product is unreasonably dangerous in design if at the time the product left the manufacturer's control: 1) there existed an alternative design for the product that was capable of preventing the claimant's damage, and 2) the likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting the alternative design and the adverse effect, if any, of the alternative design on the utility of the product.[39]

To establish whether a product is unreasonably dangerous because of a design defect and prevail at the summary judgment stage, a plaintiff must come forth with expert or technical evidence illustrating a design defect by way of an alternative design.[40]

Defendant also seeks summary judgment on Plaintiff's design defect claim as "Plaintiff has no expert evidence to support her design defect claim."[41] Plaintiff counters by arguing, without caselaw to support, that "[n]aming witnesses to support a claim creates a genuine issue of material fact[,] and orthopedic surgeons are expert witnesses for the purpose of design defects and causations."[42] Plaintiff also asserts,

---

[38] *Patton v. Boston Scientific Corporation*, No. CV 15-1976, 2018 WL 4760846, at *2 (W.D. La. Oct. 2, 2018) (quoting *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004)).
[39] La. R.S. § 9:2800:56.
[40] *McCarthy v. Danek Medical, Inc.*, 65 F.Supp 2d 410, 412 (E.D. La. 1999) ("Without expert or technical evidence to support the contention that the design was defective or to establish an alternative design, plaintiff has failed to create an issue of fact to be left to a jury.").
[41] *See* R. Doc. 42-1 at 6.
[42] R. Doc. 50-1 at 6. Plaintiff appears to claim that such an argument derives from Federal Rule of Evidence 702, which authorizes a court to qualify a witness as an expert upon certain criteria being

without providing a pinpoint reference to the medical records as required by Local Rule 56.2,[43] that her medical records indicate an orthopedic surgeon's observation as follows:

> Catastrophic failure of prior total hip arthroplasty, with a fractured and dislocated polyethylene component resulting in metal on metal articulation with wear of the head, trunnion, and retained cup. . . . Large areas of metallosis and adverse local tissue reaction, 2 large encapsulated lesions. Lesion lateral to the greater trochanter measured 13 x 10 x 7 cm, pseudo tumor posterior to the greater trochanter was infiltrative into the gluteus maximus and gluteus medius muscle bellies, and extended posterior into the greater sciatic notch. The excised portion of this lesion measured 10 x 6 x 5 cm. The sciatic nerve was identified in scar tissue and found to be intact. . . . She was referred to Dr Accardo and an MRI was obtained which showed significant adverse local tissue reaction and catastrophic failure of her total hip arthroplasty. CT hip was obtained which showed osteolytic loosening of the acetabular cup with metal debris surrounding the hip and extending into the gluteal muscles and trochanteric bursa. Patient was scheduled for revision total hip arthroplasty was cleared by her primary care physician for the procedure.[44]

Plaintiff contends that this report along with her affidavit, and a proposed witness list containing "orthopedic surgeons with specializations in hip implant devices" creates a genuine issue of material fact that precludes summary judgment on Plaintiff's design defect claim.[45] The Court disagrees.

Neal's affidavit, in which she asserts that she was "made aware" by Dr. Shaun Accardo that the Device "was the cause of my injuries," and her medical reports fall well short of the standard under La. R.S. § 9:2800.56. Plaintiff is required to show

---

established. However, Plaintiff provides no jurisprudential support to how Rule 702 allows a litigant to avoid summary judgment by merely naming witnesses.
[43] Local Rule 56.2 provides that "[a] pinpoint reference to the document or other exhibit establishing that each such fact is genuinely disputed" must be within an opposition to a motion for summary judgment.
[44] R. Doc. 50-1 at 6-7.
[45] *See* R. Doc. 50-1 at 7.

that "an alternative design" existed "at the time the [Device] left [Defendant's] control."[46] Neither Plaintiff's affidavit nor her medical records identify an alternative design that existed at the time the Device left Defendant's control.[47] Plaintiff's "failure to demonstrate an alternative design is fatal to [her] claim that [Defendant's Device] was unreasonably dangerous due to a design defect."[48] Not only do the medical records lack evidence of an alternative design, but Plaintiff's Opposition also fails to identify an alternative design.[49] Thus, summary judgment is also warranted as to Plaintiff's defective design claim.

## CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (R. Doc. 42) is **GRANTED.** A Judgment consistent with this Ruling will be issued separately.

**THUS DONE AND SIGNED** in Chambers this 12th day of January, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[46] *See* La. R.S. § 9:2800:56.
[47] *See* R. Docs. 45-3, 45-4, & 45-5.
[48] *Shepard v. Johnson & Johnson*, No. CV 5:17-1604, 2019 WL 5585001, at *3 (W.D. La. Oct. 29, 2019) (quoting *Theriot v. Danek Medical, Inc.*, 168 F.3d 253, 256 (5th Cir. 1999)) (cleaned up).
[49] *See* R. Doc. 50-1.